IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-02685-PAB

ASTRAZENECA PHARMACEUTICALS LP,

Plaintiff,

v.

PHILIP WEISER, in his official capacity as Attorney General of the State of Colorado; and KRISTEN WOLF, RYAN LEYLAND, PATRICIA EVACKO, AVANI SONI, MICHAEL SCRUGGS, ALEXANDRA ZUCCARELLI, and JAYANT PATEL, in their official capacities as Members of the Colorado State Board of Pharmacy,

Defendants.

## DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO EXCEED PAGE LIMIT FOR DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND DEFENDANTS' MOTION TO DISMISS

Defendants, Philip J. Weiser, Kristen Wolf, Ryan Leyland, Patricia Evacko, Avani Soni, Michael Scruggs, Alexandra Zuccarelli, and Jayant Patel, by and through counsel, respectfully request leave to file a Response to Plaintiff's Motion for Preliminary Injunction not to exceed twenty pages, and a Motion to Dismiss not to exceed twenty-five pages. In support of this request, Defendants state as follows:

1. Conferral: Undersigned counsel conferred with Plaintiff's counsel, who do not oppose this request. Defendants did not oppose Plaintiff's request for a page-limit extension for its Motion for Preliminary Injunction, and did not oppose an equivalent page-limit extension for Plaintiff's Response to Defendants' Motion to Dismiss.

2.   Under this Court's Civil Practice Standard III(A), the default page limit for motions and responsive briefing is fifteen pages. Good cause exists for an extension of the page limit for both briefs here, for the reasons discussed below.

3.   Plaintiffs' forty-one page Complaint alleges that Colorado's Senate Bill 25-071 ("SB25-71"), to be codified as article 29 of title 6 of the Colorado Revised Statutes, violates the United States Constitution's Supremacy, Commerce, and Takings Clauses. (See generally Dkt. No. 1.) SB25-71 limits pharmaceutical manufacturers' ability to put additional restrictions on covered entities that receive affordable drugs under a related federal program (the 340B program). The Complaint contains significant discussion of the 340B program, SB25-71, and each of the claims. Courts in numerous jurisdictions have ruled on similar challenges to laws like SB25-71, and there are currently two other challenges pending in this District. Defendants believe that providing detailed analysis of the 340B program and SB25-71, along with these related persuasive opinions, will significantly aid the Court's analysis and determination on Plaintiff's Motion for Preliminary Injunction and Defendants' Motion to Dismiss.

4.   Defendants previously sought and obtained leave to file a twenty-five page Motion to Dismiss in the two related cases in this District: (1) *AbbVie Inc. v. Weiser*, No. 1:25-cv-01847-WJM-KAS ("*AbbVie*"), which presents Supremacy Clause (preemption) and takings claims (*AbbVie* Dkt. Nos. 78, 79), and *Pharmaceutical Research and Manufacturers of America v. Weiser*, No. 1:25-cv-02437-RMR-STV ("*PhRMA*"), which presents preemption and Commerce Clause claims (*PhRMA* Dkt. Nos. 48, 50). Defendants also obtained leave to file a twenty-five page Response to Plaintiff's Motion

for Preliminary Injunction in *PhRMA*, which pertains to preemption claims. (*PhRMA* Dkt. No. 21). Defendants used the full page-limit extension for each of these other briefs.

5. In this case, Plaintiff sought the Court's leave to file a thirty-page Motion for Preliminary Injunction. (Dkt. No. 23.) The Court granted Plaintiff's request in part, allowing Plaintiff to file a twenty-page Motion. (Dkt. No. 24.) On October 1, 2025, Plaintiff filed its twenty-page Motion for Preliminary Injunction (Dkt. No. 25.) Plaintiff's Motion seeks an injunction on the basis of its preemption arguments.[1]

6. Good cause exists for related extensions here because (1) Plaintiff has filed a twenty-page Motion for Preliminary Injunction concerning a complex preemption argument, (2) briefing a Response to that Motion requires careful analysis of preemption and the factors for granting a preliminary injunction, and (3) briefing a Motion to Dismiss concerning all claims involves addressing a complex factual background alleged in Plaintiff's Complaint as well as addressing dormant commerce clause and takings arguments not raised in the Motion for Preliminary Injunction. Specifically, Defendants intend to assert threshold jurisdictional defenses, to discuss the many persuasive and governing authorities, and to seek complete relief from this Court.

7. Based on the foregoing, Defendants respectfully request that the Court allow Defendants to file a response to Plaintiff's Motion for Preliminary Injunction not to exceed twenty pages, and a Motion to Dismiss not to exceed twenty-five pages.

Dated this 20th day of October, 2025.

---

[1] Defendant initially discussed longer extensions with Plaintiff, but restrict their request here in light of the Court's Order granting Plaintiff's request in part (Dkt. No. 24).

PHILIP J. WEISER

Attorney General

/s/ Lily E. Nierenberg
Lily E. Nierenberg
Senior Assistant Attorney General
Joseph G. Michaels
Assistant Solicitor General
Robin Alexander
Assistant Attorney General
Colorado Dep't of Law
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 8th Floor
Denver, CO 80203
Telephone: 720-508-6851 (Nierenberg)
720-508-6460 (Michaels)
720-508-6229 (Alexander)
Email: lily.nierenberg@coag.gov
robin.alexander@coag.gov
joseph.michaels@coag.gov
*Attorneys for Defendant Philip J. Weiser*

/s/ Zach Fitzgerald
Zach Fitzgerald
Assistant Attorney General
Colorado Dep't of Law
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 8th Floor
Denver, CO 80203
Telephone: 720-508-6379
Email: zach.fitzgerald@coag.gov
*Attorney for Defendants Kristen Wolf, Ryan Leyland, Patricia Evacko, Avani Soni, Michael Scruggs, Alexandra Zuccarelli, and Jayant Patel*